**CITY OF PHILADELPHIA, Plaintiff,**

**v.**

**William and Gloria PAGE, Defendants,**

**v.**

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al., Additional Defendants.**

**Civ. A. No. 72-1706.**

United States District Court,
E. D. Pennsylvania.

April 2, 1974.

454

George D. Gould, Community Legal Services, Inc., Philadelphia, Pa., for third-party plaintiff.

Gilbert J. Scutti, Asst. U. S. Atty., Robert E. J. Curran, U. S. Atty., for third-party defendants.

## MEMORANDUM

JOHN MORGAN DAVIS, District Judge.

■ Presently before this Court is the Government's Motion to vacate this court's Order of September 7, 1973, granting a motion for summary judgment in favor of William and Gloria Page and against HUD. City of Philadelphia v. Page, 363 F.Supp. 148 (1973).

It should be noted that this motion is one more skirmish in the continuing battle against lead based paint in homes reconditioned by HUD and/or carrying FHA insured mortgages. The battle began in our court in the case of Davis v. Romney, 355 F.Supp. 29 (E.D.Pa.1973); then continued in Judge VanArtsdalen's court in the case of City-Wide Coalition v. FHA, 356 F.Supp. 123 (1973); and finally returned to our court in the *Page* case, *supra*.[1] After these three decisions, the Court of Appeals considered the *Davis* case, *supra*, and affirmed it as to all points except that the injunction was held to be overbroad, and the court vacated it and remanded the case to this court to draw the injunction in more narrow terms. Davis v. Romney, 490 F.2d 1360 (3rd Cir., filed Jan. 14, 1974, amended Order, Jauary 28, 1974). This Court of Appeals decision is the basis for the government's present motion to vacate the Order of September 7, 1973.

The Opinion we filed supporting this Order, see *Page, supra,* cites the *City-Wide Coalition* case, but not the *Davis* case. The fact that it did not cite another case previously decided by this

---

1. The battle is still raging. See Philadelphia Inquirer, March 20, 1974, Sec. B (Metropolitan News), p. 1; Act of Nov. 9, 1973, P.L. 93–151, 87 Stat. 565 et seq., amending 84 Stat. 2078 et seq., 42 U.S.C. 4801 et seq.; 28 Am.Jur., Proof of Facts 457.

same court, in that same year, is significant. The obvious reason is that the *Davis* case involved different issues than the present case, and therefore could not stand as precedent for the present case. Therefore, the decision of the Court of Appeals in the *Davis* case has no effect on our decision in this case.

The distinguishing factor between the two cases is that the *Davis* case was concerned with HUD as an *insurer* of mortgages, whereas the *Page* decision was concerned with HUD as a *seller* of homes.

Accordingly, the *Davis* case considered whether an implied warranty arose from § 221(d)(2) of the National Housing Act; whereas the *Page* decision considered whether an implied warranty arose from the contract of sale.

The Government states that the decision in the instant action was based upon the theory that the duty imposed upon HUD under Section 221(d)(2) creates a warranty that mortgages insured under these sections complies with local housing code standards, and, that said warranty was breached because the dwelling did not comply with the Philadelphia Lead Paint Poisoning Prevention Ordinance. The Government, however, did not realize that this theory, which constituted only one paragraph of a fifteen page decision, was one of the many surrounding circumstances tending to show that an implied warranty arose from the contract of sale; or at most, this theory was only an *alternative* theory of relief.

 The prime thrust of the case at bar is based upon HUD as a *seller* of properties and not as an *insurer* of mortgages.[2] This Court held in its September 7th decision that HUD as the *seller* of properties, breached an implied warranty of habitability by selling a house that contained dangerous amounts of lead paint. The doctrine that an implied warranty of habitability arises

from the sale of a home has recently been restated in the case of Rattigen et ux. v. Cooke Jr. et al., 21 Chester 224 (1973).

 This holding was based entirely on *contract* law and was not concerned with Section 221(d)(2) of the National Housing Act. Section 221(d)(2) *only* applies to HUD's role as an insurer of mortgages and *not* as a *seller* of properties.

For these reasons, the Appellate decision in the *Davis* case provides no basis for vacating this Court's Order of September 7, 1973.

Parenthetically, we note that in the present motion, as in the previous motion by the Government to Extend the time to answer, move or otherwise plead (See Order of September 25, 1973), the Government has failed to comply with Local Rule 36, which requires five (5) days notice to opposing counsel prior to the filing of a Motion.

---

2. This point was made abundantly clear in defendants Page memorandum in support of their cross-motion for summary judgment.

In fact, defendants Page *never* argued that 221(d)(2) created a warranty that their property complies with local codes.